# IN THE COURT OF APPEALS OF IOWA

No. 20-0554
Filed October 6, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEYGAN SHAYNE EGDORF,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

        Keygan Egdorf appeals his sentence and restitution for his conviction for theft in the second degree. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Ahlers, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

On February 2, 2020, Keygan Egdorf pleaded guilty to theft in the second degree. The district court accepted his plea and immediately sentenced him to a term of incarceration not to exceed five years. The court also ordered restitution but delayed a determination on his reasonable ability to pay until his "sentence is discharged or the defendant is paroled." He appeals the sentence and decision to delay the ability-to-pay determination.[1]

First, Egdorf argues the district court considered an improper factor in imposing his sentence. "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *Id.* (quoting *Formaro*, 638 N.W.2d at 724).

The court provided its reasons for the sentence during the hearing:

> Bottom line you've got an incredible drug problem that you've had for years that you never cleaned up. You've got a terrible history

---

[1] On May 27, 2020, the supreme court directed the parties to "include arguments regarding the court's appellate jurisdiction in light of the amendments to Iowa Code section 814.6 in their appellate briefs." *See* Iowa Code §814.6(1)(a)(3) (2020) (stating a defendant generally has no right to appeal from a guilty plea unless "the defendant establishes good cause"). Egdorf asserted the legally sufficient reason to appeal was because of an improper factor considered during sentencing, which, under *State v. Damme*, "invariably arises after the court has accepted the guilty plea." 944 N.W.2d 98, 105 (Iowa 2020) (finding a nonmandatory sentence outside the plea agreement is "a legally sufficient reason to appeal" the sentence). The State agreed, as do we.

of theft and other things. You've committed crimes while in the jail waiting for the sentencing. A deferred [judgment] is certainly not an appropriate thing. *You're a danger to yourself* and you're a danger to this community, and your pleas that you're going to fix yourself and go out and do everything great, I don't accept. I don't believe it's true. Just because you didn't get the medication doesn't give you the right to get into fights.

. . . .

One thing I also want to point out is it's incredible you've been to prison a couple times. You got discharged in August of [2019] and here we are two months later, you're committing another crime.

. . . .

So my reasons for the sentence I've kind of said before, protection of the community from further offenses by the defendant and others and protection of the defendant himself. *He's a danger to himself*, given his history, his personality, and his drug use, and prior criminal activities. I've considered your age, your prior record, nature of the offense committed, contents of the presentence investigation.

(Emphasis added.) Egdorf asserts the italicized language shows the court improperly considered the need to protect Egdorf from himself as a sentencing factor.

The Iowa Code authorizes the district court to impose a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2019). The court's sentencing comments as a whole make clear that the references to Egdorf being a danger to himself are in the context of maximizing his opportunity for rehabilitation. Since reaching adulthood in 2014, Egdorf has already been convicted in fifteen separate criminal proceedings. He has been in jail or prison multiple times and quickly reoffends each time he discharges his prior sentence; as the court noted, he committed his current offense about two months after discharging a prior sentence that included prison and parole. He also acknowledged having a significant substance-abuse problem, and

his presentence investigation report notes incarceration can help him overcome these issues:

> The Defendant reported that he was under the influence of Methamphetamine and Alcohol at the time his current charges occurred. He stated that he has easy access to drugs and alcohol outside of jail. He stated that he struggles to control his cravings when he is around Methamphetamine and jail is helping him stay away from it.

Furthermore, nothing in the record suggests Egdorf was at risk for self-harm such that a civil commitment would be appropriate, which Egdorf suggests the court was implying. Rather, the court reasoned Egdorf would benefit from incarceration to improve his opportunities for rehabilitation. We agree and thus find no abuse of discretion in the court's sentence.

Second, Egdorf appeals the court's decision to delay a determination on his reasonable ability to pay restitution. "We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). The Iowa Code requires the district court to order restitution, subject to the defendant's reasonable ability to pay, at sentencing. Iowa Code § 910.2. "A court should make every effort to determine an offender's financial condition as early as possible." *Albright*, 925 N.W.2d at 162. While it may be possible to delay the restitution order if certain items are unavailable, courts should "do everything possible to have all items of restitution before the court at the time of sentencing." *Id.*; *see also* Iowa Code § 910.3. This process requires the district court to determine a defendant's reasonable ability to pay restitution when ordering restitution. The court may later modify the restitution order if the defendant gains the ability to pay an unassessed item. *See Albright*, 925 N.W.2d at 162.

The court's sentencing order directed Egdorf to pay certain items of restitution "to the extent [he] is reasonably able to pay," but the order delayed a reasonable-ability-to-pay determination until his "sentence is discharged or the defendant is paroled." The court erred in delaying the reasonable-ability-to-pay determination. While the State concedes this error, the State maintains Egdorf may not challenge his restitution at this time because the court did not set the amount of restitution; therefore the State asserts there is no final restitution order to challenge. *See Albright*, 925 N.W.2d at 162 ("Restitution orders entered by the court prior to the final order are not appealable as final orders or enforceable against the offender."). However, a recent amendment to the Iowa Code converts existing restitution orders into final orders, whether the order is "temporary," supplemental," or simply "does not contain a determination of the defendant's reasonable ability to pay." *See* 2020 Iowa Acts ch. 1074, § 73 (codified at Iowa Code § 910.2B). "The purpose of section 910.2B is to make existing restitution orders immediately enforceable and to provide the mechanism by which a defendant can receive an ability-to-pay determination first from the district court." *State v. Hawk*, 952 N.W.2d 314, 318 (Iowa 2020). Here, the court ordered Egdorf to pay certain items of restitution "to the extent [he] is reasonably able to pay," which is sufficient to create an order for our review even without specific amounts of restitution. *See id.* When a defendant appeals a restitution order that is deficient under current law, our supreme court has recognized the remedy is to remand to district court to allow the defendant to follow current statutory procedures to address any restitution issues. *See State v. Dessinger*, 958 N.W.2d 590, 607 (Iowa 2021).

We find no abuse of discretion in Egdorf's sentence.  We reverse the part of the sentencing order delaying the reasonable-ability-to-pay determination, and we remand to the district court to provide Egdorf with an opportunity to obtain a determination of his reasonable ability to pay.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**